UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| SAM REDDYE, | Case No. 3:22-cv-01569-AR |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| CITY OF ASTORIA *and* OFFICER JASON ROBINSON, | |
| Defendants. | |

**ARMISTEAD, United States Magistrate Judge**

Plaintiff Sam Reddye sued the City of Astoria and Officer Jason Robinson for Robinson's use of a taser on Reddye while the two were on the Astoria-Megler Bridge in early 2021. He brought four claims: Robinson used excessive force in violation of the Fourth Amendment to the United States Constitution (Claim 1); the City of Astoria failed to properly train Robinson and is therefore liable for his unconstitutional use of force (Claim 2); and Robinson committed the state-law torts of assault (Claim 3) and battery (Claim 4). (Compl., ECF No. 1.) He later conceded that Claim 2 should be dismissed.

Defendants moved for summary judgment on Claims 1, 3, and 4, contending that Robinson's use of force was reasonable. The court agreed, and granted summary judgment against Reddye's remaining claims on April 21, 2025. (ECF 38, 40.) Defendants now request, under Federal Rule of Civil Procedure 54(d), that the court order Reddye to pay $3,134.60 in costs that defendants incurred defending this action. (Bill of Costs, ECF 42.) Reddye asks that the court deny defendants' request for costs. (Resp., ECF 44.) After considering the circumstances of this case, the court concludes that taxing of costs would be inequitable, and defendants' request should therefore be DENIED.

## DISCUSSION

Under Rule 54(d)(1), costs (other than attorney fees) "should be awarded to the prevailing party" unless a statute, rule, or court order provides otherwise. The rule creates a presumption that costs will be taxed against the losing party. *Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 591-93 (9th Cir. 2000) (en banc). But, if the losing party has demonstrated why costs should not be awarded, the rule "vests in the district court discretion to refuse to award costs." *Id.* at 591; *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) ("[T]he losing party must show why costs should not be awarded."). If the court declines to award costs, it must state its reasons, giving the reviewing court an opportunity to determine whether that discretion was abused. *Save Our Valley*, 335 F.3d at 945.

Proper reasons for denying costs include:

> (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties.

Page 2 – FINDINGS AND RECOMMENDATION
*Reddye v. City of Astoria*, 3:22-cv-01569-AR

*Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014). "[A] losing party need not demonstrate that all five factors weigh against imposing costs; rather, the list provides a starting point for analysis." *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (quotation marks omitted).

*Substantial public importance.* This case involved the reasonable amount of force that can be used by an officer confronting an individual believed to be suicidal. Cases that seek to vindicate plaintiffs' civil rights in the face of allegedly excessive force by police serve the important public interest of safeguarding the rights of citizens. *E.g.*, *M.M. v. County of San Mateo*, 4:18-cv-05396-YGR, 2020 WL 3251175, at *3 (N.D. Cal. June 16, 2020) ("[T]he Court stresses the importance of such civil rights cases involving claims of excessive force against police and sheriff's department officers."); *Kim v. City of Santa Clara*, C 09-00025 RS, 2010 WL 3184306, at *2 (N.D. Cal. Aug. 11, 2010) ("[E]ven a specific factual setting can shed light on the limits of police power, which most would agree is of substantial public importance."); *cf. Draper*, 836 F.3d at 1088 ("Individual Eighth Amendment cases are important for safeguarding the rights and safety of prisoners.").

*Closeness and Difficulty of the Issues*. Although the court granted defendants' motion for summary judgment, concluding that Robinson's use of force was reasonable given the totality of the circumstances, that does not mean that Reddye's claims lacked merit. Indeed, the case involved novel factual circumstances—there was scarce legal authority addressing similar situations. (*See* Findings & Recommendation, ECF 38 at 14 (noting lack of Ninth Circuit authority addressing whether government interest in preventing suicide can justify use of non-lethal force); *id.* at 23-25 (noting substantial differences between the facts of this case and others

Page 3 – FINDINGS AND RECOMMENDATION
*Reddye v. City of Astoria*, 3:22-cv-01569-AR

addressed by the Ninth Circuit and district courts)); *M.M.*, 2020 WL 3251175, at *3 (denying bill of costs in excessive force case where defendants had prevailed on summary judgment because the use of force was reasonable, in part because there was "scarce authority" addressing the specific issue in the case).

*Chilling Effect on Future Similar Actions*. The court concludes that taxing costs would have a chilling effect on future excessive force actions by plaintiffs of modest means. That chilling effect is of special significance in civil rights actions, because "[w]ithout civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since [*Brown v. Board of Education*]." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1080 (9th Cir. 1999); *see also Lowry v. City of San Diego*, 11-CV-946-MMA(WMC), 2013 WL 12209819, at *2 n.2 (S.D. Cal. Aug. 13, 2013) (denying costs even where civil rights action was meritless because "imposition of costs would punish only Plaintiff, a layperson not knowledgeable in the substance or practice of law who relied on counsel in bringing [her] case," and "this inequitable result would chill civil rights litigation by laypersons in general who rely on counsel to bring civil rights actions").

*Reddye's Limited Financial Resources*. Reddye has demonstrated that he has limited financial resources and that imposing costs would cause him financial hardship. He lives paycheck-to-paycheck and has no savings account or retirement account. He makes approximately $4,000 per month before taxes. Nearly all of his monthly income goes toward living expenses for his family, and he owes significant credit card debt (around $28,000). (Reddye Decl. ¶¶ 1-3.) He has limited economic opportunities due to his previous incarceration. (Resp. at 3.) Reddye "need not be completely destitute in order for the [c]ourt to deny costs."

Page 4 – FINDINGS AND RECOMMENDATION
*Reddye v. City of Astoria*, 3:22-cv-01569-AR

*Lowry v. City of San Diego*, 11-CV-946-MMA(WMC), 2013 WL 12209819, at *2 (S.D. Cal. Aug. 13, 2013). His "financial resources" are clearly "limited." *Escriba*, 743 F.3d at 1248.

*Economic Disparity between the Parties*. Defendants do not dispute that there is "vast" economic disparity between the parties or that the City has "significantly more resources" than does Reddye. (Resp. at 3; Reply at 1-3, ECF 46.)

Considering all the above factors, the court concludes that taxing costs against Reddye would be inequitable.

## CONCLUSION

For the reasons explained above, defendants' request for costs (ECF 42) should be DENIED.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 14 days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within 14 days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED: May 30, 2025

_____
JEFF ARMISTEAD
United States Magistrate Judge